# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANESHA L. BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 11-2038-CM–GLR |
| WAL-MART STORES, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Janesha Brown, *pro se* and *in forma pauperis*, brings this action against defendant Wal-Mart Stores, Inc., alleging one count of wrongful termination. Before the court is Defendant's Motion to Dismiss Under Rule 12(b)(6) (Doc. 8). For the reasons that follow, the court grants defendant's motion.

## I. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [its] claims across the line from conceivable to

plausible.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

When, as here, a plaintiff is proceeding *pro se*, the court construes his or her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based," and this court need not accept allegations that state only legal conclusions. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. Discussion

Plaintiff claims, under Kansas law, that defendant wrongfully terminated her from her position as a cashier. However, she fails to allege any facts that support a retaliatory or wrongful discharge claim. Kansas is an at-will employment state, which means that either employer or employee "may terminate the employment relationship at any time with or without cause." *Wiggins v. Hous. Auth. of Kan. City*, 916 P.2d 718, 721 (Kan. Ct. App. 1996). Kansas courts have established exceptions to this general rule, however, including that an employer may not terminate an employee for reasons that "seriously contravene[ ] a very clear public policy." *Morriss v. Coleman Co., Inc.*, 738 P.2d 841, 848 (Kan. 1987). Known as wrongful or retaliatory discharge, this cause of action makes it tortious to "terminat[e] . . . an employee in retaliation for the good faith reporting of a serious infraction of . . . rules, regulations, or the law by a co-worker or an employer to either company management or law enforcement officials." *Palmer v. Brown*, 752 P.2d 685,

689–90 (Kan. 1988).[1]

The court has thoroughly reviewed the complaint and the briefing on the motion to dismiss. Although the complaint is far from clear, plaintiff appears to allege that she was "terminated because [she] didn't agree to what was wrote [sic] on the computer and refused to sign for improper actions taken from the com[p]any in regarding [sic] the situation after [she] brought the attentions to [Wal-Mart managers] that the information was incorrect." (Doc. 1-1, at 1.) As the court understands it, plaintiff's personnel file contained a number of write ups for "occurrences" related to plaintiff's absences from work. Plaintiff asserts her disagreement with these occurrences and says she didn't want to "sign the paper from the computer" . . . "because they had it wrong" and that is why she was terminated. (Doc. 1-1, at 2.) One contested occurrence, described in her complaint, was apparently caused by plaintiff's car being in the shop for repairs. Another was caused by her not feeling well and seeking personal leave. She includes as exhibits an auto shop repair bill and a office visit form from a physician's office.

Plaintiff does not attempt to clarify her claim in response to defendant's motion. Rather, she faults defendant for failing to file an answer and simply repeats her allegations. She does cite the United States Supreme Court case of *Haddle v. Garrison* in support of her position, but that case is

---

[1] The Kansas Supreme Court laid out the elements of a prima facie retaliatory discharge case in *Palmer v. Brown*:
> To maintain such action, an employee has the burden of proving by clear and convincing evidence, under the facts of the case, [1] a reasonably prudent person would have concluded the employee's co-worker or employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; [2] the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and [3] the employee was discharged in retaliation for making the report. However, the whistle-blowing must have been done out of a good faith concern over the wrongful activity reported rather than from a corrupt motive such as malice, spite, jealousy or personal gain.

*Id*. at 690.

-3-

not on point. 525 U.S. 121 (1998) (holding that an at-will employee who alleged that his employer and its officers conspired to have him fired in retaliation for obeying federal grand jury subpoena and to deter him from testifying at federal criminal trial was "injured" and could state claim for damages under civil rights conspiracy statute).

In an at-will employment state such as Kansas, the employer or employee "may terminate the employment relationship at any time with or without cause." *Wiggins*, 916 P.2d at 721. Plaintiff fails to allege any facts that would suggest she was terminated for reasons that seriously contravene a very clear public policy, *Morriss*, 738 P.2d at 848, or that would otherwise provide a basis for her wrongful termination claim. Although the court construes plaintiff's pleadings liberally, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted). Even liberally construed, plaintiff's complaint fails to state a claim for wrongful termination for which relief can be granted. The court therefore dismisses her claim with prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Under Rule 12(b)(6) (Doc. 8) is granted. The action is dismissed with prejudice and each party will bear their costs.

Dated this 15th day of April 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**