# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANESHA L. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 11-2038-CM-GLR |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Janesha Brown brought this action, *pro se* and *in forma pauperis*, against defendant Wal-Mart Stores, Inc., alleging one count of wrongful termination. In a Memorandum and Order dated April 15, 2011, this court granted Defendant's Motion to Dismiss Under Rule 12(b)(6) (Doc. 8) and dismissed the case (Doc. 17). Before the court is plaintiff's Motion to Reconsider Plaintiff's Claim and Memorandum in Support of Document 17 (Doc. 19). Defendant has filed a response. The court concludes that it need not await a reply. For the reasons that follow, the court does denies plaintiff's motion.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, No. 99-4195-DES, 2001 WL

1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

Plaintiff's motion first argues that her "complaint does not lack of subject matter jurisdiction." (Doc. 19, at 1.) However, subject matter jurisdiction was not a basis upon which this court dismissed the complaint.

Plaintiff goes on to suggest that the court "overlook[ed] the complaint and . . . obviously misapprehended plaintiff's position on the facts or the law." (Doc. 19, at 1–2.) She sets out a section entitled "Facts" in her motion in which she again asserts, as in her complaint, that she "didn't agree to what was wrote on the computer and refused to sign for improper actions"; and that she was "terminated for not signing a job coach." (Doc. 19, at 4.) In its April 15 Memorandum and Order, the court set out plaintiff's burden for prevailing on her wrongful termination claim. (Doc. 17, at 3) (citing *Palmer v. Brown*, 752 P.2d 685, 689–90 (Kan. 1988)). In an at-will employment state such as Kansas, an employer or employee "may terminate the employment relationship at any time with or without cause." *Wiggins v. Hous. Auth. of Kan. City*, 916 P.2d 718, 721 (Kan. Ct. App. 1996). Plaintiff's complaint failed to allege any facts that would suggest she was terminated for reasons that seriously contravene a very clear public policy, *Morriss v. Coleman Co., Inc.*, 738 P.2d 841, 848 (Kan. 1987), or that would otherwise provide a basis for her wrongful termination claim, and was properly dismissed. The instant motion does not justify reconsideration of this outcome.

Finally, and for the first time, plaintiff asserts that in addition to the wrongful termination

claim articulated in her complaint, she is also asserting a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. She offers no support for this new claim other than the conclusory allegation that she was not "treated equally compared to others and [her] termination was not fair in decision." (Doc. 19, at 5.)

Plaintiff's motion fails to meet the standards for reconsideration. She repeats her allegations and reiterates arguments already made to and rejected by the court. Her civil rights claim did not appear in her complaint, and plaintiff did not seek to amend her complaint either to add it or to respond to defendant's arguments in support of dismissal. To the extent she seeks to assert an entirely new claim for relief, it is not properly raised by way of this motion. *See Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001). The court need not, and does not, consider it.

**IT IS THEREFORE ORDERED** that Motion to Reconsider Plaintiff's Claim and Memorandum in Support of Document 17 (Doc. 19) is denied.

Dated this 10th day of May 2011, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**